IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ALABAMA STATE CONFERENCE OF THE NAACP, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> STEVE MARSHALL, in his official capacity as Alabama Attorney General, <br><br> *Defendant*. | Civil Action No. 24 Civ. 420 (RDP) |

## JOINT STATUS REPORT

As directed by the Court at the August 30, 2024 status conference, the parties respectfully submit this Joint Status Report regarding their positions as to the need, if any, for an evidentiary hearing on Plaintiffs' pending Motion for a Preliminary Injunction. The parties met and conferred on September 4, 2024. During the meeting and after the meeting by e-mail, Defendant Marshall disclosed the names of four witnesses to be called if the Court were to grant his request to hold an evidentiary hearing. One of those witnesses has provided a declaration, which was attached to the Defendant's response to Plaintiffs' motion for a preliminary injunction. In the interest of judicial efficiency, Defendant agrees to provide by September 12, 2024, declarations outlining the substance of the testimony from the three additional witnesses. The scope of the witnesses' testimony at any preliminary injunction hearing would be confined to the content of those declarations. Plaintiffs oppose Defendant's hearing request, *see infra*; should the Court set a hearing, however, the parties agree that Plaintiffs are free to disclose rebuttal evidence, if any, at any later date so long as such disclosure is at least a week before such hearing.

I.     **PLAINTIFFS' POSITION**

As stated during the status conference, Plaintiffs respectfully oppose Defendant's request for a hearing on the Motion for Preliminary Injunction because such proceeding would not present any relevant evidence and would needlessly expand the proceedings. "An evidentiary hearing is required for entry of a preliminary injunction *only where* facts are bitterly contested and credibility determinations must be made to decide whether injunctive relief should issue." *Cumulus Media, Inc. v. Clear Channel Commc'ns, Inc.*, 304 F.3d 1167, 1178 (11th Cir. 2002) (emphasis added) (citation omitted). But the Section 208 preemption issue here "is a pure legal question," Order on Mot. to Dismiss, ECF No. 69 at 49 (citations omitted), and presents no factual dispute requiring live evidence. *See, e.g.*, *OCA-Greater Houston v. Texas*, 867 F.3d 604, 614-15 (5th Cir. 2017) (granting summary judgment on Section 208 claim based on direct conflict with federal law); *League of Women Voters of Ohio v. LaRose*, No. 23 Civ. 2414, 2024 WL 3495332, at *21-*22 (N.D. Ohio July 22, 2024) (preliminary injunction based on same); *Ark. United v. Thurston*, 626 F. Supp. 3d 1064, 1070 (W.D. Ark. 2022) (summary judgment based on same); *Disability Rts. N. Carolina v. State Bd. of Elections*, No. 21 Civ. 361, 2022 WL 2678884, at *5-*6 (E.D.N.C. July 11, 2022) (same).

Per this Court's recent legal analysis, because SB 1 restricts voter assistance beyond what federal law allows, SB 1's Submission Restriction and Payment and Gift Provisions impermissibly conflict with, and so, are preempted by, the federal guarantees of Section 208. Order on Mot. to Dismiss, ECF No. 69 at 54, 58. The Court explained that SB 1 "unduly burden[s] the right recognized in [Section 208]," *id.* at 52, as the Submission Restriction and Payment and Gift Provisions directly conflict with federal law, *see, e.g.*, *id.* at 54 ("the Submission Restriction unduly burdens the right to assistance protected under Section 208"); *id.* at 58 ("SB 1's Payment

2

and Gift Provisions are in direct conflict with Section 208 because their restrictions would unduly burden the rights of [208 voters]."). Although this reasoning arose from Defendant's motion to dismiss, for substantially the same legal reasons, Plaintiffs are likely to succeed on the merits of their Section 208 claim.

None of the Defendant's four identified witnesses are relevant to the Motion and so awaiting a hearing would cause needless delay and burden. Defendant seeks a hearing to offer testimony from the following individuals, purportedly concerning the "equities" portion of the preliminary injunction analysis:

1. **Jeff Elrod**, Director of Elections, Office of the Secretary of State of Alabama (Defendant advised Plaintiffs via e-mail that "Mr. Elrod will testify about absentee voting data compiled by the Secretary of State's Office. This will include data about the number of absentee ballots cast in recent elections, broken down by county.").

2. **Gregory Biggs**, Former Assistant Attorney General, Office of the Attorney General of Alabama (Mr. Biggs previously submitted a declaration with Defendant's Preliminary Injunction Opposition discussing four elections cases from the 1990s and Defendant has advised Plaintiff via e-mail that "Mr. Biggs's live testimony will be limited to the scope of his declaration (DE46-1).").

3. **Carla Woodall**, Circuit Clerk, Houston County, Alabama (Defendant advised Plaintiffs via e-mail that "Ms. Woodall will testify about her role and experience as Absentee Election Manager for Houston County. Specifically, Ms. Woodall's testimony will include her personal observations about the following: the absentee voting process; how disabled, blind, and illiterate voters exercise their right to vote; how disabled, blind, and illiterate voters receive assistance, if needed, when voting absentee; whether Ms. Woodall has witnessed suspicious activity with respect to absentee voting.").

4. **Jamie Scarbrough**, Circuit Clerk, Pike County, Alabama (Defendant advised Plaintiffs via e-mail that "Ms. Scarbrough will testify about her role and experience as Absentee Election Manager for Pike County. Her testimony will cover the same ground as Ms. Woodall's but will reflect her own personal experiences and observations.").

Plaintiffs understand that Defendant intends such witnesses to go to supposed harm to Defendant if SB 1 is preliminarily enjoined. But none of this proposed testimony—ranging from absentee-voting statistics to elections cases from the 1990s to potentially ways in which some

3

Section 208 voters may have voted in the past—is relevant to the inquiry before the Court. Any evidence or argument about the State's alleged irreparable harm or "compelling interests" is irrelevant because it cannot excuse "the clear violation of a federally guaranteed right."[1] To put a finer point on it: there is simply no factual dispute warranting a hearing. Even if the State had legitimate concerns about voter fraud or if some 208 voters might have voted before in a manner that does not implicate SB 1, such allegations could not alter the clear legal conflict between SB 1 and Section 208, nor Plaintiffs' entitlement to a preliminary injunction on this basis.

And as explained in Plaintiffs' prior briefing (*see* ECF Nos. 34-1 at 33-35; ECF No. 57 at 17-20), each of the remaining preliminary injunction factors weighs in Plaintiffs' favor and does not require any further evidence, let alone a live hearing. It is well settled that the harms imposed by SB 1 are irreparable. Restrictions on the franchise, *Gonzalez v. Governor of Ga.*, 978 F.3d 1266, 1272 (11th Cir. 2020); *Charles H. Wesley Educ. Found., Inc. v. Cox*, 408 F.3d 1349, 1355 (11th Cir. 2005), and the "threat of state prosecution for crimes that conflict with federal law" constitute irreparable harms that are "neither benign nor equitable," *Ga. Latino All. for Hum. Rts. v. Governor of Ga.*, 691 F.3d 1250, 1269 (11th Cir. 2012). And the "[f]rustration of federal statutes and prerogatives are not in the public interest," thus, the State will suffer "no harm" from the "nonenforcement of invalid legislation." *United States v. Alabama*, 691 F.3d 1269, 1301 (11th Cir.

---

[1] *See, e.g.*, *LaRose*, 2024 WL 3495332, at *18 (granting summary judgment for Section 208 plaintiffs despite political party Intervenors' suggestion that that an injunction might "erode" some voters' "confidence in the State's elections" or might expose political party to "new illegitimate competitive tactics" because the "clear violation of [the] federally guaranteed voting right" under Section 208 outweighed any alleged harm); *Ark. United*, 626 F. Supp. 3d at 1086 (granting summary judgment for Section 208 plaintiffs despite State's contention that the challenged law was "not preempted because it serves Arkansas's compelling interests in election integrity, fighting voter fraud, and easing burdens on poll workers" given lack of "any authority carving out an exception to the Supremacy Clause when a state has a compelling interest in enacting a statute that conflicts with federal law").

2012); *see Carey v. Wis. Elections Comm'n*, 624 F. Supp. 3d 1020, 1034 (W.D. Wis. 2022) (Section 208 case holding that "the public interest is served by helping to ensure that eligible citizens are able to exercise their right to vote"). Indeed, Defendant's asserted interest for enacting SB 1 (*i.e.*, preventing supposed undue influence on certain voters) is addressed by Section 208 itself[2] and various other unchallenged state and federal laws. *See, e.g.*, Ala. Code §§ 17-17-33, 38, 39; 52 U.S.C. § 10307. Any claim that SB 1 "does not conflict with [Section 208] because it serves the same purpose" of stopping fraud "is not persuasive" because Congress clearly "contemplated" that concern in crafting Section 208 and "States are not permitted to limit the right to assistance further." *Disability Rts.*, 2022 WL 2678884, at *5.

\*   \*   \*

Defendant's attempt to inject non-probative evidence at this stage would not only unnecessarily burden judicial and party resources but also delay resolution and exacerbate the irreparable harm to Plaintiffs. Accordingly, Plaintiffs maintain that their Motion for Preliminary Injunction should be decided on the papers and object to Defendant's request for additional evidence or a live hearing (or any further argument). If the Court does permit any additional evidence, however, Plaintiffs respectfully request that it be limited to documentary evidence on an expedited timeline. In that scenario, Plaintiffs suggest that Defendant's declarations and exhibits (from the three witnesses who have not already submitted a declaration) be submitted to the Court

---

[2] Congress specifically was concerned with protecting disabled, blind, and low literacy voters from undue influence, and enacted Section 208's guarantee of assistance from "a person of [their] choice" to address this concern. *See* S. Rep. No. 97-417, 62 (1982) (Section 208 voters "must be permitted to have the assistance of a person of their own choice" because "this is the only way to assure meaningful voting assistance and to avoid possible intimidation or manipulation of the voter"); *see also Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 103 (1992) ("A state law also is preempted if it interferes with methods by which the federal statute was designed to reach that goal.").

Case 2:24-cv-00420-RDP   Document 72   Filed 09/10/24   Page 6 of 11

by Thursday, September 12 and that rebuttal declarations and exhibits from Plaintiffs, if any, be submitted to the Court by Monday, September 16.

## II. DEFENDANT'S POSITION

Defendant respectfully submits that a hearing on Plaintiffs' Motion for Preliminary Injunction is necessary unless the Court were to deny Plaintiffs' motion. The Plaintiffs request "an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008). "As a matter of equitable discretion, a preliminary injunction does not follow as a matter of course from a plaintiff's showing of a likelihood of success on the merits." *Benisek v. Lamone*, 585 U.S. 155, 158 (2018). Instead, "a court must also consider whether the movant has shown that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* (quotation marks omitted). And the movant "bears the 'burden of persuasion' to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)).

In its Motion to Dismiss Order discussing Plaintiffs' Section 208 preemption claim, this Court held that "Plaintiffs may overcome the presumption [against preemption] if any of the following are true: (1) the state in enacting SB 1 was not exercising its 'legitimate right . . . to establish necessary election procedures,' (2) SB 1's procedures are *not* 'designed to protect the rights of voters," or (3) SB 1's provisions 'unduly burden the right recognized in [Section 208].'" Doc. 69 at 52-53. The Court recognized "that whether a state provision 'unduly burdens' a voter's right to choose an assistor is 'a practical one dependent upon the facts.'" *Id.* at 56 (quoting S. Rep. No. 97-417, at 63 (1982)). While the Court held that Plaintiffs had plausibly alleged that SB 1's "restrictions would unduly burden the rights of blind, disabled, or illiterate voters to obtain third-

party assistance in all actions necessary to make their votes effective," *id.* at 58, at the preliminary-injunction stage of the case, they now must prove the same when it comes to likelihood of success.

Plaintiffs then must also prove that the equities favor this Court entering a preliminary injunction. Defendant respectfully submits that a hearing where the parties present evidence and live testimony specific to the burdens imposed by SB 1, as well as the harms of enjoining its enforcement, will best allow the Court to balance the equities and determine whether Plaintiffs have met their burden. Even if the Court finds Plaintiffs' reading of Section 208 substantially likely to be correct, the absence of irreparable harm and public interest weigh against enjoining SB 1 two months before an election. As for the Submission Restriction, (c)(2), Defendant maintains that subsection (e) of SB 1 includes the text of Section 208 to clarify that voters who cannot physically submit their application may receive "require[d] assistance" consistent with SB 1. Ala. Code. § 17-11-4(e). Defendant further maintains that enforcement of the Payment and Gift provisions will not prevent disabled and illiterate voters from relying on trustworthy assistors of their choosing, much less inflict the irreparable harm of preventing them from being able to vote. If the Payment and Gift Provisions are preliminarily enjoined as to Section 208 voters, however, the most vulnerable voters could be subject to ballot harvesting operations that threaten the sanctity of their right to vote and undermine election integrity.

Defendant's four witnesses and the substance of their expected testimony is as follows:

1. Gregory Biggs. He has already submitted a declaration in this case. His testimony will be limited to his existing declaration, detailing absentee ballot fraud in the past.

2. Carla Woodall has been the Circuit Clerk for Houston County since 2007. In that position, she serves as the absentee election manager for Houston County and is familiar with the absentee voting process. Her testimony will recount instances of

7

absentee ballot fraud and issues with the mail-in absentee voting process. She has personal knowledge that many applications are received without an accompanying photo ID, that older voters and their family members have previously complained about receiving ballots they did not request, and groups of applications have been received with identical handwriting on each separate application. She has knowledge of the voting assistance provided to the elderly at nursing homes. She will also describe her personal assistance to disabled voters, her observations of disabled voters, and her knowledge of their support systems in exercising their right to vote.

3. Jamie Scarbrough is the Circuit Clerk for Pike County. Her testimony will address many of the same topics as Carla Woodall's, except limited to her personal knowledge and experience in Pike County.

4. Jeff Elrod is the Director of Elections at the Alabama Secretary of State's Office. His testimony will describe absentee ballot figures by county for recent elections. He will also describe the utilization of the Secretary of State's absentee ballot application request portal, which allows voters to have a physical absentee ballot application sent to their residence. He may also be able to provide data on Alabama voters' use of the permanent disability roll for recent elections.

Even if the Court decides an evidentiary hearing is unnecessary, Defendant asks for additional argument to assess the parties' evidence in light of the Court's three-part framework for evaluating Plaintiffs' Section 208 preemption claim.

Dated: September 10, 2024

Respectfully submitted,

/s/ Alison Mollman
Alison Mollman
Laurel Hattix
ACLU OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(510) 909-8908
amollman@aclualabama.org
lhattix@aclualabama.org

Valencia Richardson*
Alice Huling*
Ellen Boettcher*
Reginald Thedford*
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Suite 400
Washington, DC 20005
(202) 736-2200
vrichardson@campaignlegalcenter.org
ahuling@campaignlegalcenter.org
eboettcher@campaignlegalcenter.org
rthedford@campaignlegalcenter.org

William Van Der Pol, Jr.
Larry G. Canada
ALABAMA DISABILITIES
ADVOCACY PROGRAM
University of Alabama
Box 870395
Tuscaloosa, AL 35487
(205) 348-4928
wvanderpoljr@adap.ua.edu
lcanada@adap.ua.edu

Anuja D. Thatte*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street NW, Suite 600
Washington, DC 20009
(202) 249-2170
athatte@naacpldf.org

Steve Marshall
  *Attorney General*

Edmund G. LaCour Jr. (ASB-9182-U81L)
  *Solicitor General*

James W. Davis (ASB-4063-I58J)
  *Deputy Attorney General*

Soren Geiger (ASB-0336-T31L)
Dylan Mauldin (ASB-3281-Z11M)
  *Assistant Solicitors General*

Brenton M. Smith (ASB-1656-X27Q)
/s/ Charles A. McKay
Charles A. McKay (ASB-7256-K18K)
  *Assistant Attorneys General*

OFFICE OF THE ATTORNEY GENERAL
STATE OF ALABAMA
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300
Fax: (334) 353-8400
Edmund.LaCour@AlabamaAG.gov
Soren.Geiger@AlabamaAG.gov
Dylan.Mauldin@AlabamaAG.gov
Jim.Davis@AlabamaAG.gov
Brenton.Smith@AlabamaAG.gov
Charles.McKay@AlabamaAG.gov

***Attorneys for Defendant***

Tiffani Burgess*
Uruj Sheikh*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
tburgess@naacpldf.org
usheikh@naacpldf.org

Bradley E. Heard*
Sabrina Khan*
Jess Unger*
Ahmed Soussi*
SOUTHERN POVERTY LAW CENTER
150 E. Ponce de Leon Avenue,
Suite 340
Decatur, GA 30030
(470) 521-6700
bradley.heard@splcenter.org
sabrina.khan@splcenter.org
jess.unger@splcenter.org
ahmed.soussi@splcenter.org

* *Admitted Pro Hac Vice*

**Attorneys for Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September, 2024, I electronically filed the foregoing with the Clerk of Court for the United States District Court for the Northern District of Alabama using the CM/ECF system thereby serving all counsel of record.

/s/ Alison Mollman
Alison Mollman
ACLU OF ALABAMA
P.O. Box 6179
Montgomery, AL 36106-0179
(510) 909-8908
amollman@aclualabama.org